[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of the marriage of the parties. They were married in California on January 21, 1984, and have two minor children, Ariel, born January 21, 1985 and Lauren, born February 2, 1988. The children have been residing with the wife in Connecticut, while the husband relocated to Texas approximately three years ago.
At the time of the parties' marriage, the husband held a bachelor's degree in computer science from the Massachusetts Institute of Technology and was as an engineer at Hughes Aircraft. The wife held a secretarial job and had only a high school education, with a few college courses. When the first child was born, she left her employment to provide full CT Page 14672 time child care, a situation which continued for many years by the agreement of the parties.
In 1989, the parties moved to Connecticut, where the husband had enrolled for a graduate degree in business administration at Yale University. He devoted long hours to his educational endeavors and some work and recreational activity, with the result that the wife became increasingly isolated. The husband believed that family sacrifices were necessary for future success.
After receiving his Masters in Business Administration, the husband began a series of increasingly lucrative jobs. In recent years, he was unable to remain in any given job for very long, but, until December, 2000, was always able to find his next job. These jobs included bonuses or signing bonuses and benefits. His recent position at Xybridge paid $1,923.00 per week gross, or $1255.00 per week net and had a possible bonus of $577.00 per week, or $390.00 net. During the 2000 calendar year, he was depositing $7155.28 monthly from payroll into his checking account, in addition to bonuses, for an annual net of almost $86,000.00 exclusive of bonuses. Despite these earnings, the parties have accumulated virtually no assets during the past seventeen years. Except for one small account, the husband has liquidated every retirement asset he had. Moreover, although he continued to provide support to the children of as much as $3,210 per month while he was employed in Texas, he does not appear to have shared in any signing bonuses or other bonuses in paying support. Even without considering such bonuses, in every month that he provided support to his wife and two children prior to January, 2001, he retained more money for his own use than he sent the three of them. The result of his failure to accumulate any property despite his history of lucrative employment is that his family is also destitute. His wife has scant prospects for the accumulation of additional assets in the future because of her very limited earning capacity, while the husband's earnings in the future could be very large indeed based on his educational attainments, his work history, and his persuasive abilities, which were evident in court.
He has been unemployed since December, 2000. Although he testified to engaging in significant efforts to obtain another job, his efforts have been ineffective. The court finds that he has not made a serious effort to obtain employment, either at a level consistent with his impressive educational and employment background or at a lower level. Indeed, he does not perceive the irony that his job searches rely on the very technology whose instability apparently led to the failure of his last employer. He argues that his present earning capacity is $30,000.00. The court finds that his present earning capacity is not less than $100,000.00 per year which after applicable deductions is $1,315.00 per CT Page 14673 week net.
The husband has also amassed considerable debt on various credit cards. Although some of it is for reimbursable business expenses, he does not appear consistently to apply the reimbursements to the payment of the credit cards. One notable example is that he charged his Discover card with more than $4,000.00 for restaurant bills during a three day period in June, 2000, including three separate bills at one restaurant, each for exactly $862.48. In addition, he used his credit cards to pay his attorney $7,000.00 over eight months.
The wife returned to school in 1999 and became provisionally licensed as a real estate appraiser. She has grossed a bit more than $38,000.00 in 2001, or just over $1,100 per week. Because she works far in excess of fifty-two hours per week, not all of her income should be used to calculate child support. Based on eighty-four hours a week, which the court finds she works, her gross hourly wage is approximately $13.00. That figure is consistent with her financial affidavit's gross of $673.00 if factored for a fifty-two hour week. Accordingly, for child support purposes, her gross is $673.00 and her net is $522.00. She suffers from three serious and chronic health problems. By necessity she must work long hours now despite these problems, but the court finds that they interfere with her ability to work at the present and will in the future. When the husband unilaterally terminated medical insurance coverage for the wife and children after becoming unemployed she obtained her own, but has never had retirement benefits.
The principal cause for the dissolution of the marriage was the husband's frequent absences, first to pursue his own avocational and recreational interests and later because he took jobs that were far away. An additional cause was his preoccupation with pornographic materials, which was offensive to the wife and not carefully guarded by him from the children.
The court has considered the criteria set forth in Connecticut General Statutes, Sections 46b-62, 46b-81, 46b-82, 46b-84 and all other applicable statutes and case law. In allocating property, the court is required to consider the length of the marriage, the causes for its breakdown, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties and their opportunity for future acquisition of property. Connecticut General Statutes, Section 46b-81. Many of the same criteria apply to the determination of alimony. Connecticut General Statutes, Section 46b-82.
The following orders will enter: CT Page 14674
1. The marriage of the parties having broken down irretrievably, it is hereby dissolved.
2. The wife shall have sole legal and primary residential custody of the minor children. The husband may exercise reasonable visitation in Connecticut.
3. The husband shall pay $330.00 per week as child support. This amount represents a deviation from the applicable child support guideline because the husband's earning capacity is larger than his current actual earnings. Child Support and Arrearage Guidelines, Section 46b-215a-3
(b)(1)(B). Payments of child support shall be made until the later of the time the youngest child reaches the age of eighteen, graduates from high school, or reaches the age of nineteen. He shall maintain medical insurance for the minor children as it is available to him through his employment. He shall pay 71% of unreimbursed medical bills for the children after the first $100.00 of unreimbursed medical bills in each calendar year. Payment of these amounts is in the nature of support and not dischargable in bankruptcy. Payment shall begin effective October 26, 2001.
4. The husband shall pay the wife as periodic alimony twenty percent of his net annual income or $100.00 per week, whichever is greater. Alimony payments shall begin October 26, 2001. For purposes of this order, net income shall be defined as all sums received on account of self-employment or employment by another including salary, signing bonuses, severance bonuses or payments, and personal expenses paid by the employer including payments for personally used vehicles, clubs, rent or mortgage, and similar payments, plus interest and capital gains, less federal taxes actually paid, social security or self employment taxes, and medicare taxes. He shall provide her with copies of all quarterly and annual tax returns filed by him within fifteen days of filing, including personal and business returns. Payment to the wife shall be made within five days of payment being received by the husband so that she receives periodic payments of his salary and bonus in the same intervals that he does. Alimony shall terminate upon the death of either party but shall not otherwise be modifiable as to time. It shall not terminate upon her remarriage. It shall be modifiable as to amount by either party in accordance with applicable statutes and case law. Notwithstanding the order making alimony non-modifiable as to term even in the event of the plaintiff's remarriage, the provisions of Section 46b-86 (b) shall apply. The husband shall notify the wife of the name and business address of his employer, or if he is self-employed, the name and business address of his business, within ten days of beginning any employment during the time he has an obligation to pay alimony or child support. CT Page 14675
5. The husband shall maintain $100,000.00 in life insurance and shall name the wife as irrevocable beneficiary so long as he has an obligation to pay either alimony or child support. His financial affidavit establishes that he is presently maintaining insurance for that amount. He shall annually provide the wife with evidence that the policy is in good standing and that the wife's designation as beneficiary has not been changed. He shall immediately provide her with an authorization to obtain the same information directly from the insurance company.
6. The husband shall pay to the wife's attorney the sum of $2,500.00 as attorneys fees within thirty days of the dissolution. He has credit available to him to enable him to make the payment in cash.
7. The husband shall be responsible for and hold the wife harmless on account of all debts listed on his financial affidavit, and for the First USA credit card debt listed on the wife's financial affidavit, and shall indemnify her from any liability on account of those debts including her reasonable attorney's fees incurred for the purpose of defending against the debt or enforcing the indemnification order. The orders concerning indemnification are in the nature of support, and shall not be dischargable in bankruptcy.
8. The husband shall have the 1990 Honda. The wife shall have the 1993 Toyota. Each shall sign necessary documentation to effect this order.
9. The husband shall transfer to the wife by Qualified Domestic Relations Order at his expense his Smith Barney 401k within thirty days.
Judgment shall enter accordingly.
BY THE COURT
GRUENDEL, J.